```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

KAREN SCOTT                           :
                                      :   No.:
     v.                               :
                                      :   JURY TRIAL DEMAND
ALLOY SURFACES COMPANY, INC.          :
_____
```

CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of Defendant as follows:

JURISDICTION

1.  This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA").

PARTIES

2.  Plaintiff Karen Scott, is an adult individual who resides at 1924 West 6th Street, Chester, PA 19013.

3.  The Defendant, Alloy Surfaces Company, Inc., is a corporation registered to conduct business in the Commonwealth of Pennsylvania with a principal place of business located at 121 N Commerce Drive, Aston, PA 19014, which is located in this Judicial District in Delaware County, PA (hereinafter "the Aston facility").

4. Plaintiff was first employed by defendant as a Machine Worker starting on or about April 11, 2000 at Defendant's Aston facility.

5. At all times material hereto, Defendant employed 50 or more persons within a 75-mile radius of Plaintiff's worksite, and defendant did not employ 500 or more persons.

6. Since childhood, plaintiff has suffered from asthma.

7. On Thursday, July 29, 2021, about 6:00 P.M., Plaintiff went to Chester Crozier Medical Center emergency room after suffering an asthma attack.

8. Plaintiff was kept overnight at Crozier Chester Medical Center where it was determined that she suffered from pneumonia.

9. Plaintiff was discharged on Friday, July 30, 2021 in the late afternoon, and was recommended by hospital staff to follow-up with her family doctor and was given prescription medication to treat her pneumonia.

11. Plaintiff was instructed by hospital staff to remain out of work until she was cleared by her family doctor.

10. Plaintiff contacted Defendant on July 30, 2021, and informed them that she would be out of work until she saw her family doctor for follow-up.

11. Plaintiff called out on Monday, August 2, 2021, and informed Defendant that she would see her family doctor on August 3, 2021.

12. On August 3, 2021, Plaintiff was examined by her family doctor and was found to have continuing symptoms of pneumonia.

13. Plaintiff's family doctor provided Plaintiff with a note recommending she stay out of work through August 8, 2021 and return to work on August 9, 2021.

14. Plaintiff notified defendant that she would be out through August 12, 2021, because she had already been pre-approved for vacation days between August 9-11, 2021.

15. Plaintiff returned to work on August 12, 2021 and brought in paperwork from the emergency room and a note from her family doctor excusing her from work between August 3-9, 2021.

16. Thus, Plaintiff requested consecutive leave between July 30, 2021 through August 8, 2021 (a period of 10 consecutive days).

17. On August 19, 2021, Plaintiff was suddenly and unexpectedly notified that she was terminated because her note from the family doctor did not cover any of the absences between June 30, 2021 and August 2, 2021.

18. Plaintiff fulfilled her duties of notice with respect to unforeseeable leave pursuant to Section 825.303(a) the FMLA Regulations by, at all times hereto, providing notice to Defendant as soon as practicable considering circumstances which occurred.

19. Plaintiff provided sufficient information for Defendant to reasonably determine that the FMLA applied to Plaintiff's leave requests in that she verbally notified Defendant on a daily basis of her need for leave including notification of her overnight hospital stay at the Crozier Chester Medical Center emergency room between July 29-July 30, 2021, notification of her asthma attack and her diagnosis with pneumonia, notification of the recommendation made to her to stay out of work until she was released by her family doctor, her follow-up with her family doctor on August 3, 3021, and notification that her family doctor recommended she remain out of work through August 8, 2021.  See Sections 825.301(b) and 825.303(b) of FMLA Regulations.

20. Pneumonia is generally known to be a serious medical condition pursuant to the FMLA, especially given that during the COVID-19 lockdown thousands of people were reported to have died due to complications with pneumonia.

21. Asthma is also a serious and chronic health condition pursuant to the FMLA.

22. Defendant interfered with Plaintiff's FMLA rights by failing to comply with its responsibilities set forth in the FMLA regulations.

23. Specifically, Defendant failed to acknowledge that Plaintiff may have qualified for FMLA leave based upon the

information it received from Plaintiff and by failing to notify Plaintiff in writing that her leave was FMLA-qualifying.  See FMLA Regulations at Sections 825.300(d) and 825.301(a).

24. Plaintiff provided notice to defendant of her need for leave pursuant to the FMLA as soon as was practicable as required by the FMLA.

25. Defendant interfered with Plaintiff's FMLA rights by denying her request for FMLA protected leave between July 30, 2021 and August 8, 2021.

26. Plaintiff's treating doctors were health care providers as defined by the FMLA.

27. Plaintiff was at all times on a plan of continuing treatment by her health care providers for her aforementioned serious and/or chronic health conditions.

28. Plaintiff was qualified for and otherwise entitled to take FMLA leave for herself for up to 12 weeks commencing on July 30, 2021, in that she had not used any FMLA leave in the twelve months preceding July 30, 2021.

29. Defendant acted by and through its agents, employees and/or servants who had authority to hire, fire and discipline Plaintiff.

30. Defendant denied Plaintiff's lawful, timely and reasonable request to take FMLA protected leave.

31. Plaintiff contends that she was unlawfully terminated from employment in violation of the FMLA.

32. As a direct result of Defendant's unlawful termination of plaintiff's employment, Plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses.

33. Plaintiff has and will be engaged in great efforts to mitigate her damages by searching for new employment, but she has to date, and will, most likely in the future, be unsuccessful in her efforts to find equivalent employment.

<u>COUNT 1</u>
<u>VIOLATION OF THE FMLA</u>

34. Plaintiff repeats paragraphs 1-33 as if more fully set forth herein.

35. Defendant and its agents violated the FMLA by interfering with Plaintiff's FMLA rights by denying her right to request and take lawful FMLA protected leave.

36. Defendant and its agents violated the FMLA by unlawfully terminating her simply because it denied Plaintiff her right to request and take lawful FMLA protected leave.

37. Plaintiff seeks to recover actual economic damages including but not limited to back pay and front pay and other

economic damages including loss of future earnings and earnings capacity which resulted from her unlawful constructive discharge from employment.

38. Plaintiff seeks to recover liquidated damages in an amount equal to actual damages because defendants and their agents intentionally, and/or in bad faith, violated the FMLA.

39. Plaintiff seeks to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

40. Plaintiff seeks reinstatement of her employment.

<u>COUNT 2</u>
<u>VIOLATION OF THE FMLA</u>

41. Plaintiff repeats paragraphs 1-40 as if more fully set forth herein.

42. Defendant and its agents violated the FMLA by retaliating against Plaintiff for requesting and/or taking FMLA protected leave.

43. Plaintiff seeks all remedies set forth in Count 1 above.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Counts 1 and 2 against Defendant for lost pay, lost

benefits, other financial losses, liquidated damages, reasonable attorneys' fees and costs, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Ste. 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com
Attorneys for Plaintiff